# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNIE O. KELLY<br>　　*Plaintiff*<br><br>　　v.<br><br>TOM WOLF, PA GOVERNOR<br>*et al.*,<br>　　*Defendants* | :<br>:<br>:<br>: 　CIVIL ACTION NO. 19-1750<br>:<br>:<br>:<br>: |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                                         **MAY 13, 2019**

*Pro se* Plaintiff Johnnie O. Kelly, a pretrial detainee currently confined at Curran Fromhold Correctional Facility ("CFCF"), has filed a civil rights Complaint and a Motion to proceed *in forma pauperis*. Named as Defendants in the case are Pennsylvania Governor Tom Wolf, Commissioner of Prisons Blanche Carney, and Warden John Delaney. Because it appears that Kelly is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS

Kelly alleges that he has been a pretrial detainee at CFCF since October 5, 2018. (ECF No. 2 at 6.)[1] He has been housed in a multipurpose room without electronic locks, without proper ventilation, without natural sunlight, being fed his meals within three feet of a toilet, and his under fluorescent lighting sometimes 24 hours a day. (*Id.*) He alleges that the upper bunks are too high to naturally get into without some type of assistance, causing danger and stress, although he also states that he personally sleeps in the lowest bunk. (*Id.*) Kelly alleges he is 62 years old and has

---

[1]     The Court adopts the pagination supplied by the EC/CMF docketing system.

only one eye. (*Id.*) The claims the artificial lighting is harming his eyesight, he has back pains and spasms from getting in and out of his bunk, difficulty eating due to the odors from the toilet, difficulty breathing due to the improper ventilation, and stress issues because the lack of electronic locks makes him worry about getting out in the case of an emergency. (*Id.* at 7.) He seeks monetary damages of $300,000. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Kelly leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Kelly is proceeding *pro se*, the Court construes his allegations liberally.[2] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

---

[2] Although Kelly does not specifically state how any of the named Defendants harmed him, construing his allegations liberally the Court assumes that Kelly intended to allege that Prison Commissioner Carney and Warden Delaney are responsible for the prison conditions he describes in his Complaint. However, because Kelly makes no allegation how Governor Wolf was personally involved in the harm he alleges, even granting a liberal construction to his claim, it must be dismissed as to Governor Wolf pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Because prison officials must ensure that both convicted inmates and pretrial detainees receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee [their] safety[,]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)), a Section 1983 plaintiff asserting a conditions of confinement claim must also allege that prison officials acted with deliberate indifference to that plaintiff's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x. 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious"

and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. at 298; *Bell*, 441 U.S. at 538–39, 539 n.20).

The Court finds that Kelly's allegations do not objectively rise to the level of sufficient seriousness to constitute punishment. While the prison conditions Kelly describes are unpleasant, fluorescent lighting, the presence of odors, sleeping in the lowest bunk of a bunk bed, and being housed in a multipurpose room without electronic locks do not constitute deliberate indifference on the part of prison officials to Kelly's health or safety. While he asserts that poor ventilation causes him breathing problems and that his eyesight has been affected by fluorescent lighting, he makes no claim that he sought medical care or that such care was constitutionally deficient. His claim that the bunks are too high is implausible since Kelly concedes he has been assigned to the lowest bunk. His claim of harm arising from the multipurpose room's lack of electronic locks is implausible since it is entirely speculative. Finally, his claim of harm from odors is also implausible since he has only alleged that eating is made "difficult." Accordingly, because Kelly's claims are implausible, they must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

For the foregoing reasons, the Court will grant Kelly leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the Court cannot say at this time an attempt to amend the Complaint would be futile, Kelly will be granted leave to file an amended complaint. If he chooses to do so, Kelly is advised to include as much detail as possible describing how he was harmed and how each Defendant he names was responsible for that alleged harm. An appropriate Order follows.