# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNIE O. KELLY,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | **NO. 19-1750** |
| v. | : | |
| | : | |
| **TOM WOLF, PA GOVERNOR,** | : | |
| *et al.*, | : | |
| *Defendants* | : | |

# M E M O R A N D U M

**QUIÑONES ALEJANDRO, J.**                                              **SEPTEMBER 26, 2019**

*Pro se* Plaintiff Johnnie O. Kelly, a pretrial detainee confined at Curran Fromhold Correctional Facility ("CFCF"), originally filed this civil rights action on April 22, 2019. In a prior Memorandum and Order dated May 13, 2019 (ECF Nos. 5, 6), Kelly was granted leave to proceed *in forma pauperis* and the Complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state plausible claims against the named Defendants. Kelly was granted leave to file an amended complaint if he was able to cure the defects noted by the Court in his original pleading.[1] Kelly filed his Amended Complaint ("AC") on September 12, 2019. (ECF No. 11.) Because the AC also attempts to state claims that are implausible and it appears that any further attempt at amendment would be futile, the AC will be dismissed with prejudice.

---

[1] Kelly failed to file an amended complaint within the time period provided by the Court, resulting in the dismissal of this case for failure to prosecute. (ECF No. 8.) Thereafter, Kelly communicated to the Court that he wished to proceed with his case (ECF No. 9), and the failure to prosecute order was vacated. (ECF No. 10.)

## I. FACTS

In the conclusion of the Court's prior Memorandum, Kelly was informed that, if he decided to file an amended complaint, he should include as much detail as possible describing how he was harmed and how each Defendant he names in the amended complaint was responsible for that alleged harm. (ECF No. 5 at 4.) Kelly has, unfortunately, failed to heed this instruction. He essentially reasserts the same allegations he included in the first iteration of his Complaint, which the Court has already found implausible. Specifically, he names Governor Tom Wolf, Commissioner Blanche Carney and Warden John Delaney as Defendants, and describes conditions at CFCF including being housed in a multipurpose room without electronic locks, proper ventilation and natural sunlight, having to eat his meals near a toilet, and being exposed to fluorescent lighting for 16 hours each day. (ECF No. 11 at 2.) As in his initial Complaint, Kelly again alleges that the upper bunks are too high, and that his eyesight has worsened. (*Id.*)

## II. STANDARD OF REVIEW

As the Court previously granted Kelly leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the AC if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Kelly is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Governor Wolf is dismissed with prejudice because Kelly again fails to allege any actual claim against him. To the extent that Kelly sues Governor Wolf in his individual capacity, he makes no allegation that Wolf was personally involved in the operations at CFCF, an institution operated by the City of Philadelphia, as opposed to the Commonwealth of Pennsylvania. Kelly's only allegation about Governor Wolf is that he,

> in his capacity as guardian of STATE, by Law was appointed to the affairs of State, which dictated, orders that must be carried out and obeyed. Any Person or People are entitled to protection, & from harm, be it physical or mental, in society, institution, etc. . .

(ECF No. 11 at 1 (capitalization in original).) This allegation fails to set forth any facts demonstrating that Wolf was aware of the alleged conditions, or that he acted with deliberate indifference to Kelly's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and

he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) *(per curiam)* ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

To the extent this averment attempts to assert an official capacity claim against Wolf based on his being the Governor, that claim must also fail. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). A suit against the Governor acting in his official capacity is really a suit against the Commonwealth and as such, is also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as its officials sued in their official capacities, are immune from suits filed in federal court.

The claims against Defendants Carney and Delaney also fail. Kelly appears to seek to hold them liable based upon their roles in supervising others at CFCF. (*See* ECF No. 11 at 1-2 (alleging Carney was appointed to "govern a city or a county, caring for the needs of persons & or people, the right of power, to make ready for service, and empower, employee of County & State, to work in such institutions, to provide Safety, Care, & well-being of persons in this control"; and alleging Delaney, "As Warden, is guardian appointed by Law to Take Care the affairs of others . . . . In this Capacity yields his power to his employees, to carry out the functions, of running an Institution. . . .").) There are "two general ways in which a supervisor-defendant may be liable

for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Kelly makes no averment that Carney and Delaney instituted a policy, practice or custom with deliberate indifference to his constitutional rights, and does not assert that they were personally involved in acts that caused him to be harmed. As the Court stated in the prior Memorandum, Kelly's allegations concerning the conditions at CFCF, while unpleasant, do not objectively rise to the level of sufficient seriousness to constitute punishment. (ECF No. 5 at 4 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment)).) While he again describes bad ventilation, unpleasant lighting, odors and sleeping situations, and being housed in a multipurpose room without electronic locks, the Court has already held that these conditions as described in Kelly's pleadings do not constitute deliberate indifference on the part of prison officials to Kelly's health or safety. (*Id.*) The Court also previously held that his claim of harm arising from the multipurpose room's lack of electronic locks was implausible since it was entirely speculative. Kelly has provided no new substantive allegations regarding his claims that would lead to a different conclusion.

Accordingly, having already permitted Kelly the opportunity to amend his pleadings, and the AC having also failed to state plausible claims against any of the named Defendants, an appropriate Order will be entered dismissing this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).